IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GREGORY LEW NEUJAHR,** ) | **CASE NO. 4:09CV3095** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **ROBERT R. STEINKE, CARL K. HART** ) | |
| **JR., STEVEN M. CURRY, ALAN G.** ) | |
| **GLESS, WENDY ELSTON, GLEN CLARK,** ) | |
| **MICHEAL OWENS, and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff filed his Complaint in this matter on May 13, 2009. (Filing No. 1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.[1]

**I.    SUMMARY OF COMPLAINT**

Plaintiff's Complaint names eight individual Defendants. (Filing No. 1 at CM/ECF p. 1.) Plaintiff identifies these individuals as employees of the State of Nebraska "or counties thereof." (*Id*. at CM/ECF p. 2.) Plaintiff is currently confined in the Platte County Detention Facility in Columbus, Nebraska. (Filing No. 12 at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges two separate federal claims—an illegal arrest claim and a Fair Debt Collection Practices Act ("FDCPA") claim. In Plaintiff's illegal arrest claim, he alleges that Defendant Gless issued an "invalid search warrant" that led to frivolous and fraudulent charges against him. (Filing No. 1 at CM/ECF p. 9.) This invalid warrant is part of a 14-year conspiracy to incarcerate Plaintiff. (*Id*. at CM/ECF pp.

---

[1]Pursuant to Case No. 4:01CV3306, claims filed by Plaintiff require pre-filing review. This matter has been reviewed by the Supervising Pro Se Judge, as the designee of the Chief Judge, who has directed the Clerk of the court to file it as a new case.

9-10.) Plaintiff further alleges that Defendants have "trick[ed]" him into "waiving [his] rights . . . ." (*Id*. at CM/ECF p. 9.) Plaintiff asks the court issue an order that directs Defendants to dismiss the criminal charges against him, release him from jail and return his seized property and bail. (*Id*. at CM/ECF pp. 11-13.)

In Plaintiff's FDCPA claim, he alleges that Defendants Steinke, Hart and Curry violated the FDCPA because they harassed him about his "alleged debt in case no. CR 06-74" and failed to "verif[y]" the amount of his debt. (*Id*. at CM/ECF pp. 3-4; Filing No. 1-2, Attach. 1 at CM/ECF p. 48.) As best as the court can tell, the "debt" Plaintiff refers to is unpaid child support. (Filing No. 1-2, Attach. 1 at CM/ECF p. 10.) Plaintiff seeks $500,000.00 in damages for each FDCPA violation. (Filing No.1-2, Attach. 1 at CM/ECF p. 48.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967)*, and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.    DISCUSSION OF CLAIMS

    A.    Abstention

The court liberally construes Plaintiff's Complaint to allege a claim pursuant to the Fourth and Fourteenth Amendments for an illegal arrest. However, this claim is barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), which provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005); *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred

by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Plaintiff's Complaint clearly alleges that there is a ongoing state court criminal proceeding against him. (Filing No. 1-2, Attach. 1 at CM/ECF p. 60 (Amended Felony Information); Filing No. 1 at CM/ECF pp. 11-13.) In fact, he specifically asks the court to enter an order that directs Defendants to dismiss the criminal charges against him. (*Id.* at CM/ECF pp. 11-13.) However, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger,* 401 U.S. at 56. Although a narrow bad faith exception to the *Younger* abstention doctrine does exist, when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is apparent here.[2] *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Further, Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims. In light of these findings, the court will abstain from hearing Plaintiff's illegal arrest claims.

B.  Claims Relating to The Fair Debt Collection Practices Act

In addition to Plaintiff's illegal arrest claims, the court liberally construes Plaintiff's Complaint to allege that Defendants Hart, Steinke and Curry violated the Fair Debt

---

[2] Plaintiff does allege that Defendants engaged in a 14-year conspiracy to incarcerate him and have "trick[ed]" him into "waiving [his] rights . . . ." (Filing No. 1 at CM/ECF pp. 9-10.) However, Plaintiff does not describe the details of the conspiracy or what Defendants did to trick him. In short, Plaintiff's allegations are not sufficient to overcome the *Younger* abstention doctrine.

Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692. "The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Under the FDCPA, the definition of the term "debt collector" specifically excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). Within this definition, the term "State" includes political subdivisions of the state. *See* 15 U.S.C. § 1692a(8). Nebraska defines counties as political subdivisions of the state. *State v. Bd. of County Comm'rs of Dawson County*, 763 N.W.2d 392, 399 (Neb. 2009).

Here, Plaintiff identified Defendants Hart, Steinke and Curry as employees of the State of Nebraska "or counties thereof." (Filing No. 1 at CM/ECF p. 2.) Because these Defendants are State employees within the meaning of the FDCPA, Plaintiff is precluded from bringing an FDCPA claim against them for actions performed in their official capacities. Thus, Plaintiff's FDCPA claims against Defendants Hart, Steinke and Curry must also be dismissed.

C.     State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as false imprisonment, defamation and conversion. Accordingly, the court dismisses Plaintiff's state law claims without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order; and

2.     A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of July, 2009.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    United States District Judge